USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
ALFRED GONZALEZ,

         Plaintiff,

    -against-          1:18-cv-2197-GHW

CITY OF NEW YORK; and DISTRICT    MEMORANDUM OPINION
COUNCIL 37, AFSCME, AFL-CIO, SSEU    AND ORDER
LOCAL 371,

         Defendants.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

  Plaintiff Alfred Gonzalez was fired by his employer, Defendant New York City (the "City"), for alleged prolonged and unexcused absences. After his termination, Gonzalez brought this action against the City and Defendant District Council 37, AFSCME, AFL-CIO, Social Service Employees Union Local 371 (the "Union"), of which Gonzalez was a member. As against the Union, Gonzalez's complaint alleges a breach of the duty of fair representation and a violation of his due process rights.[1] Because the Court lacks subject matter jurisdiction over Gonzalez's claim for breach of the duty of fair representation and Gonzalez does not have a viable underlying due process claim against the City upon which to predicate a conspiracy claim, the Union's motion for summary judgment is GRANTED.

**I. BACKGROUND[2]**

  Gonzalez is a former New York City employee. Defendant's Local Rule 56.1 Statement ("Def. 56.1"), Dkt No. 60, ¶ 1 (citing First Amended Complaint ("FAC"), Dkt No. 21, ¶ 9). He was fired by the City in March 2015. *See* March 12, 2015 Termination Letter, Ex 1 to FAC, at 16; March

---

[1] Further background on the dispute and Gonzalez's claims against the City can be found in the Court's prior opinion in this case. December 17, 2018 Order (the "Motion to Dismiss Opinion" or "MTD Op."), Dkt No. 47.
[2] The following facts are undisputed.

2, 2015 Termination Letter, Ex. 2 to FAC, at 20.³ Gonzalez was a permanent civil service employee entitled to certain statutory due process rights under New York State Civil Service Law section 75 ("Section 75").⁴ Affidavit of Anthony Wells ("Wells Aff."), Dkt No. 58, ¶ 10.

At the time of his discharge, Gonzalez was a member of the Union. Def. 56.1 ¶ 11 (citing Wells Aff., ¶ 9). The Union is a public employee labor organization. *Id.* ¶ 4 (citing Wells Aff. ¶¶ 2-4; FAC ¶ 11). Because Gonzalez was a member of the Union, he was covered by its collective bargaining agreement (the "CBA") with the City. *Id.* ¶ 11 (citing Wells Aff. ¶ 9); *see* CBA, Ex. A to Wells Aff., Dkt No. 58-1. The CBA provides for a grievance procedure under which Union members like Gonzalez can raise claims that wrongful disciplinary action was taken against them by the City. Def 56.1 ¶ 12 (citing Wells Aff. ¶¶ 10-11). According to the CBA, to submit a claim under the grievance procedure outlined in the CBA, employees must waive their right to submit their claims in other judicial or administrative fora, including under Section 75. CBA at 46. Employees can obtain judicial review of adverse disciplinary determinations under article 78 of New York's Civil Practice Law and Rules ("Article 78"). *See* MTD Op. at 12 (citing *Locurto v. Safir*, 264 F. 3d 154, 175 (2d Cir. 2001)).

## II. PROCEDURAL HISTORY

Gonzalez filed his complaint on March 12, 2018, Dkt No. 1, which he amended on June 21, 2018, Dkt No. 21. Gonzalez alleges that the Union and the City conspired to terminate him without due process and to deprive him of the due process that the CBA's grievance procedures were designed to provide. FAC ¶¶ 31-42.⁵ Gonzalez alleges that he contacted the Union shortly after

---

³ Because neither side disputes the validity of the termination letters, the Court has considered them in deciding this motion.
⁴ *See* N.Y. Civ. Serv. Law § 75(1)(a) ("[A] person holding a position by permanent appointment in the competitive class of the classified civil service . . . shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges[.]").
⁵ The grievance procedures provided for the in the CBA are detailed in the Motion to Dismiss Opinion. MTD Op. at 3-5.

2

receiving a termination letter from the City. *Id.* ¶¶ 23, 26-28. From March 2015 to May 2017, Gonzalez alleges that Union officials assured him that they would appeal his termination. *Id.* ¶¶ 26-28, 31. In August 2017, after years of inaction, Gonzalez alleges that he brought an improper practice case against the Union and the HRA before the Board of Collective Bargaining (the "BCB"). *Id.* ¶ 31. Gonzalez alleges that in response to that case, the Union decided not to appeal Gonzalez's termination. *Id.* Gonzalez also alleges that the Union had him sign blank grievance forms and presented fraudulent documents in the BCB case. *Id.* ¶ 36.

Gonzalez alleges that he waived his right to a Section 75 proceeding to proceed on the false assumption the disciplinary procedures in the CBA would be followed by the Union and the City. *Id.* ¶¶ 56-57. Therefore, because Gonzalez allegedly received neither a fair process under the CBA nor a Section 75 proceeding, Gonzalez alleges that he did not receive adequate due process before his termination. *Id.* ¶ 58.

In the FAC, Gonzalez asserts three claims for relief. First, Gonzalez asserts that the City and the Union violated his due process rights when they allegedly allowed him to be terminated from his permanent civil service position without a hearing. *Id.* ¶¶ 59-67. Second, Gonzalez alleges that the grievance procedures provided for in the CBA did not provide due process and, as a result, he claims that the Union and the City violated his due process rights as guaranteed by the Fourteenth Amendment. *Id.* ¶¶ 68-78. Finally, Gonzalez asserts that the City will violate his due process rights by sharing his personnel records with potential future employers. *Id.* ¶¶ 79-83. The Court also construes Gonzalez's FAC as raising a claim for the breach of the duty of fair representation against the Union under section 301(a) of the Labor Management Relations Act of 1947 ("LMRA").[6] *See id.* ¶ 33

---

[6] *See* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in

3

The City moved to dismiss the claims against it in Gonzalez's complaint on August 3, 2018. Dkt No. 36. The Court granted the City's motion to dismiss the claims against it in the Motion to Dismiss Opinion. Dkt No. 47. The Court dismissed Gonzalez's first two claims for relief against the City because Gonzalez failed to avail himself of an Article 78 proceeding, which would have been an adequate post-deprivation remedy. MTD Op. at 12-14. The Court dismissed Gonzalez's third claim for relief because the claim did not assert an injury in fact as required to allege a justiciable case or controversy. *Id.* at 14-15.

The Court granted Gonzalez leave to replead his third claim. *Id.* at 16. However, the Court determined that any amendment would be futile as to Gonzalez's first and second claims. *Id.* That was because "Gonzalez did not pursue an Article 78 proceeding" and was therefore "precluded from asserting due process claims." *Id.* Consequently, the Court denied Gonzalez leave to replead his first and second claims for relief. *Id.* Gonzalez sought to appeal that determination on January 22, 2019. Dkt No. 48. However, on June 26, 2019, the Second Circuit determined that it lacked jurisdiction over Gonzalez's appeal because the Motion to Dismiss Opinion was not a "final order as contemplated by 28 U.S.C. § 1291." Dkt No. 64 (citing *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008)). Gonzalez has not taken advantage of the opportunity to replead his third claim against the City.

The Union filed its motion for summary judgment on April 4, 2019. Dkt No. 57. In its memorandum of law, the Union argues that the duty of fair representation claim must be dismissed because the Court lacks subject matter jurisdiction over the claim. Defendant's Memorandum of Law in Support of its Motion for Summary Judgment ("Mem."), Dkt No. 59, at 3. The Union also argues that Gonzalez's due process claims must be dismissed because it is not a state actor and therefore cannot be liable for due process violations. *Id.* at 4. Gonzalez filed his opposition on May

---

controversy or without regard to the citizenship of the parties.").

9, 2019.  Dkt No. 61.  The Union did not file a reply.  Dkt No. 63.

### III. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting former Fed. R. Civ. P. 56(c))).  A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to present "evidence sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323).  To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quotation omitted).  The Court's job is not to "weigh the evidence or resolve issues of fact."  *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002) (citation omitted); *see also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("In applying th[e summary judgment]

5

standard, the court should not weigh evidence or assess the credibility of witnesses." (citation omitted)).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must construe that party's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999) (quotation marks and citations omitted). Proceeding *pro se*, however, "does not . . . relieve [a *pro se* party opposing summary judgment] from the usual requirements of" opposing such a motion. *Fitzpatrick v. N.Y. Cornell Hosp.*, No. 00-cv-8594 (LAP), 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003).

The Court has also considered factual allegations in Gonzalez's opposition to the Union's motion for summary judgment. Dkt No. 61. Gonzalez's opposition is framed as an affidavit, so he attested to the accuracy of the facts contained therein and they are properly considered on a motion for summary judgment. *See Celotex*, 477 U.S. at 322.

## IV. DISCUSSION

### A. Duty of Fair Representation Claim

The Court lacks subject matter jurisdiction over Gonzalez's duty of fair representation claim. The FAC does not expressly state a cause of action under the LMRA. However, it clearly asserts a claim for breach of the duty of fair representation against the Union. *See* FAC ¶ 33 (alleging that the Union breached its "duty of fair representation to Plaintiff").

Federal courts lack jurisdiction over fair representation claims brought by public employees under the LMRA. "[T]he language of the LMRA makes plain [that] public employees are not covered by that statute." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam); *see also Sales v. Clark*, No. 14-cv-0891 (PAC) (SN), 2017 WL 892609, at *4 (S.D.N.Y. Feb. 2, 2017) ("The LMRA does not confer federal jurisdiction over labor disputes among states, their employees, and the unions who represent them.") (citation omitted). Here, the City is a public

6

employer.[7]  Accordingly, the Court lacks jurisdiction over this claim and grants the Union's motion for summary judgment on Gonzalez's duty of fair representation claim.

**B. Due Process Claims**

Gonzalez's due process claims cannot succeed because the Union is not a state actor and the Court has previously dismissed his due process claims against the City. "[A] litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. Of Teamsters*, 941 F.2d 1292, 1295-96 (2d Cir. 1991). "Labor unions . . . generally are not state actors[.]" *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted). However, the Court construes Gonzalez's complaint as raising a claim that the Union conspired with the City to deprive him of his due process rights in violation of 42 U.S.C. § 1983 ("Section 1983"). *See* FAC at ¶¶ 3; 33-34; 38; 43; 66-67.

"To state a § 1983 conspiracy claim, a plaintiff must allege: '(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'" *DeMartino v. N.Y. State Dep't of Labor*, 167 F. Supp. 3d 342, 373 (E.D.N.Y. 2016) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). "The pleading of a conspiracy will enable a plaintiff to bring [a Section 1983] suit against purely private individuals[.]" *Porat v. Lincoln Towers Community Ass'n*, 04 CIV. 3199 (LAP), 2005 WL 646093, at *7 (S.D.N.Y. Mar. 21, 2005) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). However, "[a]lthough a plaintiff may assert a civil conspiracy claim under § 1983 for the deprivation of a constitutional right, he must first show a violation of the underlying constitutional right." *DeMartino*, 167 F. Supp. 3d at 373 (citing *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)). "Stated otherwise, a civil conspiracy claim does not set forth an independent cause of action but rather is sustainable only after an underlying claim has been

---

[7] *See* NYC Administrative Code 12 -303(g).

established." *Id.* (quotation and ellipsis omitted).

Because the Court found that Gonzalez does not have a viable due process claim against the City, there are no viable Section 1983 claims against the City remaining in this case. MTD Op. at 12-14. Therefore, Gonzalez will be unable to show an underlying deprivation of his rights under Section 1983 sufficient to sustain a conspiracy claim against the Union. *See Roesch v. Otarola*, 980 F.2d 850, 854 (2d Cir. 1992) (holding that conspiracy claims against private defendants were properly dismissed where plaintiff could not establish underlying Section 1983 liability against state officer). Accordingly, the Union is entitled to summary judgment on Gonzalez's conspiracy claim.[8]

**C. Supplemental Jurisdiction**

The Court declines to exercise supplemental jurisdiction over any state-law claims that Gonzalez's FAC may be read to raise. When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III." *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction . . . exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority,' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" (quoting U.S. Const. art. III, § 2)). Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659

---

[8] In his opposition to the Union's motion for summary judgment, Gonzalez appears to argue that he was improperly removed because Dinoarh Nunez-White, the person who allegedly removed him, lacked statutory authority to do so. Because this claim was not asserted in Gonzalez's complaint, the Court does not consider it. *See Vlad-Berindan v. MTA New York City Transit*, 14-CV-675 RJS, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (Sullivan, J.) ("Where a [*pro se*] plaintiff's motion papers assert entirely new claims that do not arise out of the facts alleged in the complaint, the court need not consider them.") (citing *Bernstein v. City of New York*, No. 06 Civ. 895, 2007 WL 1573910, at *10 (S.D.N.Y. May 24, 2007)).

F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)).

The decision to exercise supplemental jurisdiction over a state law claim is by nature discretionary. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Where claims satisfy the "same case or controversy" test under 28 U.S.C. § 1367(a), however, "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245 (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). Subsection 1367(c) permits a court to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, subsection (3) applies because the Court has dismissed all of the claims over which it had original jurisdiction. Therefore, the Court may exercise its discretion to decline supplemental jurisdiction over any remaining state law claims.

Even "where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*: economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004). Both the Second Circuit and the Supreme Court have "held that when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *Gibbs*, 383 U.S. at 726). "Although this is not a mandatory rule, the Supreme Court has stated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness and

9

comity—will point toward declining jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This is the usual case: the Court has evaluated the values articulated in *Gibbs* in the context of this case and has concluded that they support the Court's decision to decline supplemental jurisdiction. Thus, the Court declines to exercise supplemental jurisdiction over any state-law claims that Gonzalez's complaint be read to raise.

**V. CONCLUSION**

For the reasons stated above, Defendant's motion for summary judgment is GRANTED. In the Motion to Dismiss Opinion, the Court dismissed two of Gonzalez's claims with prejudice but granted him leave to amend his claim that "the City violated his due process rights secured under the Fourteenth Amendment because it will share falsified personnel records and foreclose future employment opportunities." MTD Op. at 14 (citing FAC ¶¶ 81-82). Over one year later, Gonzalez has not filed any amended complaint. Consequently, the Court concludes that Gonzalez does not intend to file an amended complaint and converts its dismissal of his third claim for relief in the Motion to Dismiss Opinion to a dismissal with prejudice. Because the Court has granted summary judgment to the Union on all of Gonzalez's claims asserted against it, there are no claims remaining in the case.

The Court directs that counsel for Defendant provide Plaintiff with copies of any unpublished cases cited in this decision pursuant to Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 7.2. The Clerk of Court is directed to mail a copy of this order to Plaintiff, to terminate any pending motions, and to close this case.

SO ORDERED.

Dated: January 13, 2020
New York, New York

GREGORY H. WOODS
United States District Judge